UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BRYAN MARLON JUAREZ TRUJILLO,

Petitioner,

v. Case No. 3:26-cv-2119-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

---

# ORDER

Petitioner Bryan Marlon Juarez Trujillo, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 14, 2026. Trujillo, a citizen of Nicaragua, entered the United States without inspection on February 14, 2022. Doc. 7-1 at 1. On April 12, 2026, United States Immigration and Customs Enforcement detained Trujillo after local law enforcement arrested him for robbery. Doc. 7-2 at 2. Four months later, on August 18, 2026, an immigration judge ordered Trujillo removed to Nicaragua. Doc. 7-3 at 3. Trujillo is pursuing an appeal of the removal order. Doc. 7-11 at 1–3. The crux of Trujillo's Petition appears to be that he is entitled to an individualized bond hearing under 8 U.S.C. § 1226(a).

See Doc. 1 at 4. The Federal Respondent argues that Trujillo has not exhausted his administrative remedies. See Doc. 7 at 6.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Trujillo has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge and received a ruling. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Trujillo filed the initial Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Trujillo, are entitled to a bond hearing. And the Board of Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by

precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.[1]

Accordingly, it is **ORDERED**:

1. Trujillo's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Trujillo's Motion for Temporary Restraining Order (Doc. 3) and Motion to Expedite (Doc. 4) are **DENIED**.

3. Respondent Warden's Motion to Dismiss (Doc. 8) and Trujillo's Motion for Leave to File Response in Opposition to Motion to Dismiss (Doc. 15) are **DENIED as moot**.

4. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

---

[1] Because Trujillo's order of removal is not yet final, he may still request a bond hearing before an immigration judge. See 8 C.F.R. § 1236.1(d)(1).

Jax-9 11/19
c:
Bryan Marlon Juarez Trujillo, #A240568085
Counsel of Record